**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **LUCY SALMERON** | |
| **Plaintiff** | |
| **v.** | **CASE NO.: 4:19-cv-03407** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY AND FRANKLIN CREDIT MANAGEMENT CORPORATION** | |
| **Defendants** | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank as Trustee")[1] and Franklin Credit Management Corporation ("Franklin") (collectively referred to as "Defendants"), by and through their counsel of record, file this Answer to Plaintiff's Original Complaint[2] and in support thereof, would respectfully show the Court as follows:

1.       Paragraph 1 of the Complaint contains an averment that Defendants need not admit or deny as it is inapplicable as the Federal Rules of Civil Procedure apply.  To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

---

[1] Deutsche Bank as Trustee has been incorrectly named in Plaintiff's Original Petition as it is not liable in the capacity in which it has been sued.  Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 was the holder of the Note and Deed of Trust at all relevant and material times with regard to this lawsuit.  Deutsche Bank National Trust Company's only affiliation with the loan made the subject of this lawsuit has been in its capacity as Certificate Trustee.  Thus, Plaintiff's claims against "Deutsche Bank National Trust Company" are barred as it is not liable in the capacity in which it has been sued and, instead, the proper party is Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 (who appears and answers herein).

[2] Plaintiff's Complaint was originally filed in State Court and titled "Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures."

2.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint, but have no reason to deny same at this time.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.  However, as stated above, Defendant Deutsche Bank as Trustee has been incorrectly named in Plaintiff's Complaint as it is not liable in the capacity in which it has been sued.  Defendant Deutsche Bank as Trustee has answered in the correct capacity.

4.      With regard to paragraph 4 of the Complaint, Defendants admit the property at issue in the litigation is located in Fort Bend County, Texas and Defendants have done business in this state. Defendant Deutsche Bank as Trustee has been incorrectly named in Plaintiff's Complaint as it is not liable in the capacity in which it has been sued.  Defendant Deutsche Bank as Trustee has answered in the correct capacity.   Otherwise, the allegations in paragraph 4 concern legal conclusions, which Defendants are not required to admit or deny.

5.      The allegations contained in Paragraph 5 of the Complaint concern legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants admit the property is located in Fort Bend County, Texas.

6.      The allegations contained in Paragraph 6 of the Complaint concern legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants admit the property is located in Houston, Texas.

7.      Defendants admit the allegations in paragraph 7 of the Complaint.

8.      With regard to paragraph 8 of the Complaint, Defendants admit  the Note and Deed of Trust were transferred to Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 for which Defendant Franklin acts as the loan

servicer.  To the extent the paragraph otherwise contains legal conclusions, Defendants are not required to admit or deny and/or Defendants deny the allegations.

9.      With regard to the first sentence of paragraph 9, Defendants deny the allegations. With regard to the second sentence of paragraph 9, Defendants are without sufficient knowledge to admit or deny the allegations, but have no reason to deny same at this time.  With regard to the third, fourth, fifth, sixth and seventh sentences of paragraph 9, Defendants deny the allegations.

10.      With regard to the first sentence of paragraph 10, Defendants deny the allegations. With regard to the second sentence of paragraph 10, Defendants admit that Exhibit "3" is a true and correct copy of the Notice of Trustee's Sale, but otherwise deny the allegations, including that it was "provided by [counsel for Plaintiff]."  With regard to the third sentence of paragraph 10, Defendants admit that "Franklin had been accepting her payments," but otherwise deny the allegations.  With regard to the fourth sentence of paragraph 10, Defendants deny the allegations, including because Plaintiff's payments were being applied to her account.  With regard to the fifth sentence of paragraph 10, Defendants admit a Qualified Written Request was sent by Plaintiff (or counsel for Plaintiff), but otherwise deny the allegations.   With regard to the sixth sentence of paragraph 10, Defendants deny that a true and correct copy of a Qualified Written Request that "Salmeron sent Defendant" is attached to Plaintiff's Complaint as Exhibit "4;" rather Exhibit 4 is a letter sent by Defendant Franklin to counsel for Plaintiff in response to a Qualified Written Request. Such does not show Plaintiff

11.      Plaintiff's Complaint skips from paragraph 10 to paragraph 14 – accordingly, paragraphs 11, 12, and 13 of Plaintiff's Complaint do not exist and no response to same is provided herein.

12.     Defendants deny the allegations in paragraph 14 of the Complaint.  A Notice of Default/ Demand for Payment/ Notice of Intent to Accelerate dated April 30, 2019 was mailed to Plaintiff by Certified Mail Return Receipt Requested No. 9314710011700997611759. Thereafter, Plaintiff failed to cure the default. A Notice of Acceleration of Maturity and Notice of Non-Judicial Foreclosure Sale dated June 18, 2019 was mailed to Plaintiff by Certified Mail Return Receipt Requested No. 71969002484056806308.

13.     Defendants deny the allegations in paragraph 15 of the Complaint.

14.     With regard to paragraph 16, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

15.     With regard to paragraph 17, Defendants refer to and incorporate by this reference each response contained hereinabove.

16.     With regard to paragraph 18 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations.  To the extent a response is required, Defendants deny the allegations, including that Plaintiff performed, tender performance, and/or was excused from performing her contractual obligations.  Defendants also deny that they breached the contract and/or caused injury to Plaintiff.

17.     With regard to paragraph 19, Defendants refer to and incorporate by this reference each response contained hereinabove.

18.     With regard to the first sentence of paragraph 20 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations.  To the extent a response is required, Defendants deny the allegations.  With regard to the second sentence of paragraph 20 of the Complaint, Defendants deny the allegations.  With

regard to the third sentence of paragraph 20 of the Complaint, Defendants deny the allegations. With regard to the fourth sentence of paragraph 20 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations.  To the extent a response is required, Defendants deny the allegations.

19.     With regard to paragraph 21, Defendants refer to and incorporate by this reference each response contained hereinabove.

20.     With regard to paragraph 22 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

21.     With regard to paragraph 23 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

22.     With regard to paragraph 24 of the Complaint, Defendants refer to and incorporate by this reference each response contained hereinabove.

23.     With regard to paragraph 25 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

24.      With regard to paragraph 26 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny such allegations.  To the extent a response is required, Defendants deny the allegations.  Additionally, Plaintiff's allegations are a misstatement of settled Texas law.

25.     With regard to paragraph 27 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny such allegations.  To the extent a

response is required, Defendants deny the allegations. Additionally, Plaintiff's allegations are a misstatement of settled Texas law.

26. With regard to paragraph 28, Defendants refer to and incorporate by this reference each response contained hereinabove.

27. With regard to paragraph 29 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the allegations. Additionally, Plaintiff's allegations are a misstatement of Texas law.

28. With regard to paragraph 30 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations.

29. With regard to paragraph 31, Defendants refer to and incorporate by this reference each response contained hereinabove.

30. With regard to paragraph 32 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the allegations.

31. With regard to paragraph 30 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations.

32. With regard to paragraph 30 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations. Further, Defendants deny the axiomatic

allegations in paragraph 34 of the Complaint.  Additionally,  "Tillman" is undefined and has no relation  this action.

33.     With regard to paragraph 35 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

34.     With regard to paragraph 36 of the Complaint, Defendants refer to and incorporate by this reference each response contained hereinabove.

35.     With regard to paragraph 37 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

36.     With regard to paragraph 38 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

37.     With regard to paragraph 39 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

38.     With regard to paragraph 40 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

39.     With regard to paragraph 41 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations.  To the extent a response is required, Defendants deny the allegations.

40.     With regard to paragraph 42 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

41.     With regard to paragraph 43 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

42.     With regard to paragraph 44 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

43.     With regard to paragraph 45 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

44.     With regard to paragraph 46 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

45.     With regard to paragraph 47 of the Complaint, to the extent the allegations are legal conclusions, Defendants are not required to admit or deny the allegations.  To the extent a

response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

46.     With regard to paragraph 48 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegations.

47.     Paragraph 49 of the Complaint contains an averment that Defendants need not admit or deny as it is inapplicable as the Federal Rules of Civil Procedure apply.

48.     With regard to paragraph 50 of the Complaint, Defendants refer to and incorporate by this reference each response contained hereinabove.

49.     With regard to paragraph 51 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, other than "Defendant may take legal action to evict or otherwise cause Plaintiff to be dispossessed of the Property," which Defendants admit, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

50.     With regard to paragraph 52 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is required, although Defendant denies the allegations and denies that Plaintiff is entitled to any of the relief requested, a temporary restraining order was issued by the state court to restrain Defendants from selling the real property at a foreclosure sale, which expired and the foreclosure sale was subsequently re-posted and occurred.

51.     With regard to paragraph 53 of the Complaint, the allegations are legal conclusions, which Defendants are not required to admit or deny.  To the extent a response is

required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

52.     With regard to paragraph 54 of the Complaint, the allegation is a legal conclusion, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegation.

53.     With regard to paragraph 55 of the Complaint, the allegation is a legal conclusion, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegation and deny that Plaintiff is entitled to any of the relief requested.

54.     With regard to paragraph 55 of the Complaint, the allegation is a legal conclusion, which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the allegation and deny that Plaintiff is entitled to any of the relief requested.

55.     With regard to the Prayer for relief in the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in her Prayer for relief.  Further, although Defendant denies the allegations and denies that Plaintiff is entitled to any of the relief requested, a temporary restraining order was issued by the state court to restrain Defendants from selling the real property at a foreclosure sale, which expired and the foreclosure sale was subsequently re-posted and occurred.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has no recoverable damages and Defendants did not cause Plaintiff to suffer any alleged injuries or damages, which are strictly denied.

2.      Plaintiff's claims are barred because the Complaint fails to state a claim against Defendants upon which relief may be granted.

3.      Defendants deny that all conditions precedent to Plaintiff's right of recovery have been satisfied or performed.

4.      Plaintiff failed to mitigate her damages, if any, which Defendants deny.

5.      Any alleged wrongful acts or omissions of Defendants, if and to the extent such acts and omissions occurred (which Defendants deny), were legally excused or justified.

6.      Defendants reserve the right to amend this Answer and assert any additional defenses, affirmative defenses, and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request a judgment against Plaintiff; that Plaintiff take nothing by this Complaint; that Defendants be awarded their costs and all such other and further relief, in law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

Dated:  October 16, 2019                  By:   _/s/ Ryan J Browne_____
                                                Ryan J Browne
                                                Texas Bar No. 00796262
                                                Max Murphy
                                                Texas Bar No. 24098159
                                                **ANGEL L. REYES & ASSOCIATES, P.C.**
                                                8222 Douglas Avenue, Suite 400
                                                Dallas, Texas 75225
                                                Phone: (214) 526-7900
                                                Fax: (214) 526-7910
                                                ryan@reyeslaw.com
                                                max@reyeslaw.com
                                                **ATTORNEYS     FOR     DEFENDANTS
                                                DEUTSCHE   BANK   NATIONAL   TRUST
                                                COMPANY,  AS  CERTIFICATE  TRUSTEE
                                                ON BEHALF OF BOSCO CREDIT II TRUST
                                                SERIES  2010-1  AND  FRANKLIN  CREDIT
                                                MANAGEMENT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rules. As such, the foregoing was served on all counsel of record who have consented to electronic service on this the 16th day of October, 2019.

                                      */s/ Ryan J Browne*_____
                                        Ryan J Browne